IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| WILLIS SMITH AND COMPANY, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   No. 4:08CV0006 SWW |
| | * |
| THE STATE OF ARKANSAS and the | * |
| ARKANSAS HIGHWAY DEPARTMENT, | * |
| | * |
| Defendants. | * |

**Memorandum Opinion and Order**

Before the Court are defendants' motions to dismiss plaintiff's complaint to which plaintiff responded. Defendants replied to plaintiff's responses. For the reasons stated below, the Court finds the motions to dismiss should be granted.

**Background**

Plaintiff states it owns commercial property located at 7801 Cantrell Road (Highway 10) in Little Rock, Arkansas. The property allegedly had access to Cantrell Road from its entrance/exit onWatt Street, approximately twenty to thirty feet from Cantrell Road. Plaintiff complains that on or about February 1, 2006, defendants closed Watt Street's access to Cantrell Road as a part of a road improvement project. As a result, plaintiff lost its easy access to and from Cantrell Road by way of Watt Street. Plaintiff complains its property has decreased in value. It brings this action pursuant to 42 U.S.C. § 1983, alleging violation of its right to substantive due process and a violation of the takings clause of the United States Constitution. It also alleges a state law claim that defendants violated the takings clause of the Arkansas

Constitution. Defendants move for dismissal on the basis of lack of subject matter jurisdiction and failure to state a claim.

## Discussion

Plaintiff alleges that although its property was not condemned in connection with the road improvement project, defendants should have condemned it and compensated plaintiff. Plaintiff claims defendants' failure to identify and condemn or compensate it resulted in a violation of plaintiff's due process rights, *i.e.* a jury trial to fix compensation under both the United States and Arkansas Constitutions. Plaintiff also contends defendants' actions constitute an unconstitutional taking.

The Arkansas State Highway and Transportation Department ("ASHTD") filed a motion to dismiss, arguing that plaintiff sued the wrong entity because it is the Arkansas State Highway Commission that is empowered by law to condemn real property in connection with state highway projects.[1] Both the ASHTD and the State of Arkansas argue they are entitled to immunity and thus the Court lacks subject matter jurisdiction. Defendants also move for dismissal for failure to state a claim

The doctrine of sovereign immunity, also known as Eleventh Amendment immunity, deprives federal courts of jurisdiction over lawsuits brought by private citizens against states unless the state has waived its immunity or Congress has abrogated the state's immunity under a valid exercise of Congressional power. The State of Arkansas and its agencies have not consented to be sued in the federal courts, and with regard to plaintiff's claims brought pursuant to 42 U.S.C. §1983, Congress did not abrogate the states' sovereign immunity when it enacted

---

[1] The ASHTD also states plaintiff improperly referred to it as the Arkansas Highway Department, a state agency that does not exist.

that statute.  *See, e.g., Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66-67 (1989); *Burk v, Beene,* 948 F.2d 489, 492-3 (8th Cir. 1991).   Thus, the Court finds that plaintiff's claims for violation of the substantive due process clause and the takings clause of the United States Constitution brought pursuant to §1983 must be dismissed.

Plaintiff's state law claims are also barred by the Eleventh Amendment to the United States Constitution.  "The Eleventh Amendment bars federal court jurisdiction over state law claims against unconsenting states or state officials when the state is the real, substantial party in interest, regardless of the remedy sought.  This constitutional bars applies with equal force to pendent state law claims." *Cooper v. St. Cloud Univ.,* 266 F.3d 964, 968 (8th Cir. 2000)(internal citation omitted).

The Court further finds that plaintiff fails to state a claim for relief.  Citing *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 721 (1999), plaintiff asserts the Arkansas State Claims Commission does not provide it with an adequate post-deprivation remedy because it does not provide a right to a jury trial.  In *City of Monterey,* the Supreme Court held that the plaintiff was properly in federal court under § 1983 because at the time of taking, "the State of California did not provide a compensatory remedy." 526 U.S. at 710.  The Supreme Court further said: "A federal court, moreover, cannot entertain a takings claim under § 1983 unless or until the complaining landowner has been denied an adequate postdeprivation remedy."  *Id.* at 721.

Plaintiff's contention that a hearing before the Arkansas State Claims Commission is an inadequate and constitutionally impermissible remedy because the Commission does not provide jury trials is meritless.  In *Jones v. Clark,* 607 F.Supp. 251 (E.D. Pa. 1984), the case plaintiff

cites in support of its argument, a state prisoner was charged with a disciplinary after guards found a torn bed sheet stuffed in the window of the prisoner's cell. After a hearing, the inmate was assessed $6.40 for the cost of the sheet. The court denied defendant summary judgment on inmate's § 1983 claim, finding there were factual issues as to whether the prisoner was deprived of due process during the disciplinary hearing and whether there was an adequate state law postdeprivation remedy that could potentially satisfy due process. This case does not support plaintiff's argument that forcing it to bring its claim to the State Claims Commission is a violation of his due process rights and right to a jury trial. In *Light v. Blackwell,* 472 F.Supp. 333 (D.C.Ark. 1979), *aff'd* 620 F.2d 307 (8th Cir. 1980), the court held that the State Claims Commission satisfies the constitutional requirement of due process.

## Conclusion

Because defendants are entitled to sovereign immunity, and because plaintiff alleges no facts to support its claim that it has no constitutional remedy available, the Court grants defendants' motions to dismiss [docket entries 3 and 7]. Judgment will be entered dismissing plaintiff's complaint.

DATED this 27th day of February 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE